**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JAI VANG,** <br> **Petitioner,** | § <br> § <br> § | |
| **v.** | § | **EP-26-CV-00847-DB** |
| **KRISTI NOEM**, *in her capacity as Secretary of the United States Department of Homeland Security, et al.*, <br> **Respondents.** | § <br> § <br> § <br> § | |

**ORDER TO SHOW CAUSE & PREVENT PETITIONER'S REMOVAL FROM DISTRICT AND UNITED STATES**

On this day, the Court considered the above-captioned case. On Feburary 25, 2026, Petitioner Jai Vang filed a "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 1. On March 26, 2026, the case was transferred to the Western District of Texas. ECF No. 7. Petitioner is currently detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. ECF No. 1 at 3. Petitioner argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 30–31.

Petitioner is from Laos and entered the United States in 1989 as a refugee. *Id.* at 6. On May 23, 1996, Petitioner was ordered removed from the United States. ECF No. 1-2 at 2. Petitioner was released pursuant to an Order of Supervision in November 2006 and fully complied with all terms until his current detention. ECF No. 1 at 2, 6. On January 12, 2026, Petitioner was taken into custody by immigration authorities at his OSUP check-in at Fort Snelling in Minnesota. *Id.* at 3. At no time prior to or during Petitioner's arrest did immigration authorities give Petitioner notice as to why he was being taken into custody. *Id.* As of the time of his Petition's filing, Petitioner still had not received any document notifying him of his OSUP revocation and explaining the reasons for his arrest, nor has he been afforded an informal interview to contest any purported reasons for

the revocation of his OSUP, all steps explicitly required by ICE's own regulation. *Id.* at 3–4. Among other things, Petitioner argues his current detention violates his procedural due process rights because he was not provided with a notice of revocation, nor an informal interview. *Id.* at 25–27.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026); *Huang v. Superintendent, ERO El Paso Camp East Montana*, No. EP-25-CV-00730-DB (W.D. Tex. Jan. 30, 2026). As such, it appears from the writ that it should be granted.[1] Nonetheless, this Court will afford Respondents three days to respond as to why it should not be. In so doing, Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome.

Further, this case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court orders them not to do so,[2] this Court, in its discretion, finds good cause to issue a temporary restraining order restraining Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. In the interest of preserving the status quo and the

---

[1] 28 U.S.C § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted. . .").

[2] *See, e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025).

Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

Accordingly, **IT IS HEREBY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents **SHOW CAUSE** why such writ should not be granted by filing a response no later **<u>no later than March 30, 2026.</u>**

**IT IS FURTHER ORDERED** that should Petitioner wish to file a reply, Petitioner shall file a reply **<u>no later than April 1, 2026.</u>**

**SIGNED** this **26th** day of **March 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**