**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JAI VANG,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00847-DB** |
| | § | |
| **KRISTI NOEM,** *in her capacity as* | § | |
| *Secretary of the United States Department of* | § | |
| *Homeland Security, et al.,* | § | |
| **Respondents.** | § | |
| | § | |

<u>**ORDER**</u>

On this day, the Court considered the above-captioned case. On Feburary 25, 2026, Petitioner Jai Vang filed a "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 1. On March 26, 2026, the case was transferred to the Western District of Texas. ECF No. 7. Petitioner is currently detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. ECF No. 1 at 3. Petitioner argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 30–31. On March 26, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 7 at 3. The same day, Respondents filed their response arguing this Court should deny Petitioner's writ. ECF No. 9.

Petitioner is from Laos and entered the United States in 1989 as a refugee. ECF No. 1 at 6. On May 23, 1996, Petitioner was ordered removed from the United States. ECF No. 1-2 at 2. Petitioner was released pursuant to an Order of Supervision in November 2006 and fully complied with all terms until his current detention. ECF No. 1 at 2, 6. On January 12, 2026, Petitioner was taken into custody by immigration authorities at his OSUP check-in at Fort Snelling in Minnesota.

*Id.* at 3. At no time prior to or during Petitioner's arrest did immigration authorities give Petitioner notice as to why he was being taken into custody. *Id.* As of the time of his Petition's filing, Petitioner still had not received any document notifying him of his OSUP revocation and explaining the reasons for his arrest, nor has he been afforded an informal interview to contest any purported reasons for the revocation of his OSUP, all steps explicitly required by ICE's own regulations. *Id.* at 3–4. Among other things, Petitioner argues his current detention violates his procedural due process rights because he was not provided with a notice of revocation, nor an informal interview. *Id.* at 25–27.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026); *Huang v. Superintendent, ERO El Paso Camp East Montana*, No. EP25-CV-00730-DB (W.D. Tex. Jan. 30, 2026).  In response, Respondents fail to meaningfully address the specific procedural due process violations alleged by Petitioner regarding the revocation of his release. *See, e.g.*, ECF No. 9 ("Petitioner has received the maximum process afforded by Congress under the statutes, to include placement in "removal proceedings before an immigration judge.") ("Such process included notice and an opportunity to be heard, and the opportunity for judicial review through the appellate court."). Respondents do not present any evidence that ICE complied with the revocation procedures set forth in 8 C.F.R. § 241 or otherwise refute Petitioner's allegations that he was never provided notice nor an opportunity to respond to the reasons for revocation. As such, taking the undisputed facts as true, and applying the legal principles previously decided by this Court, the Court finds Respondents did not follow their own regulations

in 8 C.F.R. § 241, nor provide any constitutionally required alternative, thereby depriving Petitioner of his "liberty . . . without due process of law." U.S. CONST. amend V.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Qudus* and this Court's subsequent immigration habeas cases brought by petitioners alleging violations of 8 C.F.R. § 241, **IT IS HEREBY ORDERED** Petitioner Jai Vang's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than March 30, 2026,** subject to the conditions of supervision he was subject to prior to his most recent re-detention by immigration officials.[1]

**IT IS FURTHER ORDERED** Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** a notice informing the Court of its compliance with the preceding order **no later than March 31, 2026**.

**IT IS FURTHER ORDERED** the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than April 2, 2026.**

**SIGNED** this **27th** day of **March 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] Pursuant to the instant order, Petitioner shall be released under the conditions of supervision he was on immediately prior to his current unlawful detention.