**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JAI VANG,**<br>**Petitioner,**<br><br>**v.**<br><br>**KRISTI NOEM,** *in her capacity as Secretary of the United States Department of Homeland Security, et al.*,<br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-00847-DB** |

**ORDER**

On this day, the Court considered the above captioned case. On March 27, 2026, this Court issued an "Order," ECF No. 10, granting in part Petitioner Jai Vang's ("Petitioner") "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 1. Therein, the Court determined Respondents failed to comply with the Order of Supervision ("OSUP") revocation procedures set forth in 8 C.F.R. § 241, thereby violating Petitioner's procedural due process rights. ECF No. 10 at 2–3. As such, Respondents were ordered to immediately release Petitioner from custody subject to the conditions of supervision he was subject to prior to his re-detention on January 12, 2026. *Id.* at 3. Petitioner was subsequently released from Respondents' custody, and the case closed. *See* ECF Nos. 11, 14. However, on May 14, 2026, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") while attending a mandatory check-in appointment. ECF No. 15 at 3.

As a result, on June 4, 2026, Petitioner filed a "Motion to Enforce Order Granting Habeas Corpus Petition and Compel Release and Memorandum of Law in Support Thereof," ECF No. 15. Therein, Petitioner argues his most recent re-detention violates the Court's March 27, 2026,

"Order," ECF No. 10. ECF No. 15 at 1. He asserts Respondents, once again, failed to abide by the revocation procedures set forth in 8 C.F.R. § 241 when re-detaining him on May 14, 2026. *Id.* at 3. As such, Petitioner asks the Court to compel Respondents to immediately release him pursuant to the terms of his previous OSUP. *Id.* at 10. After due consideration, the Court construes Petitioner's Motion as a motion to reopen the case, and finds that further clarification is required before the Court can consider whether Petitioner is entitled to the requested relief.

Accordingly, **IT IS HEREBY ORDERED** this Court's "Final Judgment," ECF No. 14, is **VACATED**.

**IT IS FURTHER ORDERED** that District Clerk's Office **SHALL RE-OPEN** this case.

**IT IS FURTHER ORDERED** that Respondents **SHALL NOT** remove or deport Petitioner from the United States until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents **SHALL FILE** a supplemental notice, **by no later than June 10, 2026**, directly answering the following:

1. Was Petitioner re-detained on May 14, 2026?
2. If Petitioner was re-detained on May 14, 2026:
    a. On what grounds was he re-detained?
    b. Did Respondents procure travel documents for Petitioner from the government of Laos?
    c. Was Petitioner issued a notice of revocation as required under 8 C.F.R. § 241?
    d. Was Petitioner provided an opportunity to challenge the reasons for revocation as required under 8 C.F.R. § 241?

e. Where is Petitioner currently detained?

**IT IS FURTHER ORDERED** that, if Question 2(b) is answered in the affirmative, Respondents **SHALL INCLUDE** a copy of Petitioner's travel documents as an attachment to the supplemental notice.

**IT IS FINALLY ORDERED** that, if Question 2(c) is answered in the affirmative, Respondents **SHALL INCLUDE** a copy of Petitioner's notice of revocation as an attachment to the supplemental notice.

**SIGNED** this **5th** day of **June 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**