**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JAI VANG,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00847-DB** |
| | § | |
| **KRISTI NOEM,** *in her capacity as* | § | |
| *Secretary of the United States Department of* | § | |
| *Homeland Security, et al.*, | § | |
| **Respondents.** | § | |
| | § | |

**ORDER**

On this day, the Court considered the above captioned case. On March 27, 2026, this Court issued an "Order," ECF No. 10, granting in part Petitioner Jai Vang's ("Petitioner") "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 1. Therein, the Court determined Respondents failed to comply with the Order of Supervision ("OSUP") revocation procedures set forth in 8 C.F.R. § 241, thereby violating Petitioner's procedural due process rights. ECF No. 10 at 2–3. As such, Respondents were ordered to immediately release Petitioner from custody subject to the conditions of supervision he was subject to prior to his re-detention on January 12, 2026. *Id.* at 3. Petitioner was subsequently released from Respondents' custody, and the case closed. *See* ECF Nos. 11, 14. However, on May 14, 2026, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") while attending a mandatory check-in appointment. ECF No. 15 at 3.

As a result, on June 4, 2026, Petitioner filed a "Motion to Enforce Order Granting Habeas Corpus Petition and Compel Release and Memorandum of Law in Support Thereof," ECF No. 15. Therein, Petitioner argues his most recent re-detention violates the Court's March 27, 2026,

"Order," ECF No. 10. ECF No. 15 at 1. He asserts Respondents, once again, failed to abide by the revocation procedures set forth in 8 C.F.R. § 241 when re-detaining him on May 14, 2026, and asks the Court to compel Respondents to immediately release him pursuant to the terms of his previous OSUP. *Id.* at 3, 10.

On June 5, 2026, this Court ordered Respondents to file a supplemental notice regarding the circumstances surrounding Petitioner's most recent re-detention. *See* ECF No. 16. Respondents timely filed the notice on June 11, 2026. *See* ECF No. 17. Therein, Respondents state Petitioner's OSUP was revoked because the government secured a travel document for Petitioner from the government of Laos. ECF No. 17–1 at 1. Respondents also state Petitioner was issued a Notice of Revocation and provided an initial informal interview regarding the revocation of his OSUP. *Id.* at 2. At first blush, it appears the government has complied with the revocation procedures set forth in 8 C.F.R. § 241. However, the Court also notes that the statement provided to ICE during Petitioner's informal interview indicates Petitioner fears removal to Laos and that he "need[s] to talk to someone about it." ECF No. 17–3 at 4. As such, the Court finds further clarification is needed before it can resolve Petitioner's motion to enforce.

Accordingly, **IT IS HEREBY ORDERED** Petitioner **SHALL FILE** a supplemental notice, by **no later than June 17, 2026**, directly answering the following:

1. Does Petitioner have a pending asylum application?
2. If not, does Petitioner intend to apply for asylum?

**SIGNED** this **11th** day of **June 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**