**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JAI VANG,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00847-DB** |
| | § | |
| **KRISTI NOEM,** *in her capacity as* | § | |
| *Secretary of the United States Department of* | § | |
| *Homeland Security, et al.,* | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered the above captioned case. On March 27, 2026, this Court

issued an "Order," ECF No. 10, granting in part Petitioner Jai Vang's ("Petitioner") "Petition for

a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 1. Therein, the Court determined

Respondents failed to comply with the Order of Supervision ("OSUP") revocation procedures set

forth in 8 C.F.R. § 241, thereby violating Petitioner's procedural due process rights. ECF No. 10

at 2–3. As a result, Respondents were ordered to immediately release Petitioner from custody

subject to the conditions of supervision he was subject to prior to his re-detention on January 12,

2026. *Id.* at 3. Petitioner was subsequently released from Respondents' custody, and the case

closed. *See* ECF Nos. 11, 14. However, on May 14, 2026, Petitioner was re-detained by

Immigration and Customs Enforcement ("ICE") while attending a mandatory check-in

appointment. ECF No. 15 at 3.

On June 5, 2026, the Court ordered Respondents to file a supplemental notice regarding

the circumstances surrounding Petitioner's most recent re-detention. *See* ECF No. 16. Respondents

timely filed the notice on June 11, 2026. *See* ECF No. 17. Therein, Respondents state Petitioner's

OSUP was revoked because the government secured a travel document for Petitioner from the

government of Laos. ECF No. 17–1 at 1. Respondents also state Petitioner was issued a Notice of Revocation and provided an initial informal interview regarding the revocation of his OSUP. *Id.* at 2. However, the Court noted that the statement provided to ICE during Petitioner's informal interview indicated Petitioner fears removal to Laos. ECF No. 17–3 at 4. Consequently, the Court ordered supplemental briefing from Petitioner as to whether he is seeking asylum. *See* ECF No. 18.

On June 17, 2026, Petitioner filed a "Supplemental Notice," ECF No 19. Therein, Petitioner states he "does not have a pending asylum application because he is currently subject to a final order of removal and an asylum application cannot be filed in that posture." ECF No. 19 at 1. However, he notes he "does have a pending Motion to Reopen with the Board of Immigration Appeals (BIA) that was filed on May 27, 2026." *Id.* at 2. Therefore, the Court finds further clarification is needed before it can resolve Petitioner's motion to enforce.

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL FILE** a supplemental notice, by **no later than July 10, 2026**, directly answering the following:

1.  What effect, if any, does Petitioner's pending motion to reopen his removal proceedings have on ICE's ability to effectuate Petitioner's removal to Laos?

2.  Is ICE able to remove Petitioner while this motion remains pending before the BIA?

**IT IS FURTHER ORDERED** that should Petitioner wish to respond to the supplemental notice; he shall file said response **no later than July 15, 2026**.

**SIGNED** this **30th** day of **June 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**