**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JAI VANG,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **EP-26-CV-00847-DB** |
| | § | |
| **KRISTI NOEM,** *in her capacity as* | § | |
| *Secretary of the United States Department of* | § | |
| *Homeland Security, et al.,* | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the above captioned case. On March 27, 2026, this Court issued an "Order," ECF No. 10, granting in part Petitioner Jai Vang's ("Petitioner") "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 1. Therein, the Court determined Respondents failed to comply with the Order of Supervision ("OSUP") revocation procedures set forth in 8 C.F.R. § 241, thereby violating Petitioner's procedural due process rights. ECF No. 10 at 2–3. As a result, Respondents were ordered to immediately release Petitioner from custody subject to the conditions of supervision he was subject to prior to his re-detention on January 12, 2026. *Id.* at 3. Petitioner was subsequently released from Respondents' custody, and the case closed. *See* ECF Nos. 11, 14. However, on May 14, 2026, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") while attending a mandatory check-in appointment. ECF No. 15 at 3.

On June 5, 2026, the Court ordered Respondents to file a supplemental notice regarding the circumstances surrounding Petitioner's most recent re-detention. *See* ECF No. 16. Respondents timely filed the notice on June 11, 2026. *See* ECF No. 17. Therein, Respondents state Petitioner's OSUP was revoked because the government secured a travel document for Petitioner from the

government of Laos.[1] ECF No. 17–1 at 1. Respondents also state Petitioner was issued a Notice of Revocation and provided an initial informal interview regarding the revocation of his OSUP. *Id.* at 2. However, the Court noted that the statement provided to ICE during Petitioner's informal interview indicated Petitioner fears removal to Laos. ECF No. 17–3 at 4. Consequently, the Court ordered supplemental briefing from Petitioner as to whether he is seeking asylum. *See* ECF No. 18.

On June 17, 2026, Petitioner filed a "Supplemental Notice," ECF No 19.  Therein, Petitioner states he "does not have a pending asylum application because he is currently subject to a final order of removal and an asylum application cannot be filed in that posture." ECF No. 19 at 1. However, he notes he "does have a pending Motion to Reopen with the Board of Immigration Appeals (BIA) that was filed on May 27, 2026." *Id.* at 2. On July 10, 2026, Respondent confirmed Petioner currently has an "Emergency Motion for Stay of Removal Pending Adjudication of Motion to Reopen" pending before the BIA. ECF No. 21. According to Respondents, "because the motion to stay remains pending, ICE will not execute Petitioner's removal at this time. DHS has further advised that ICE is not able to remove Petitioner while his motion to stay remains pending before the BIA." *Id.* The Court finds further clarification is needed before it can resolve Petitioner's motion to enforce.

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL FILE** a supplemental notice, by **no later than July 16, 2026**, directly answering the following:

---

[1] ("ICE/ERO procured a travel document for Petitioner from the government of Laos. It was issued on April 6, 2026, and valid for a single journey to Laos within 90 days of issuance.").

1. What application, if any, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) has to Petitioner's case?

2. How long, generally, does a motion like Petitioner's take to receive a disposition from the Board of Immigration Appeals?

3. How long do Respondents anticipate Petitioner's motion will remain pending before the BIA?

4. How long did Laos take to issue the April 6, 2026, travel documents for Petitioner?

5. Assuming the April 6, 2026, travel documents have now expired, how long do Respondents anticipate a renewed travel request will take?

**IT IS FURTHER ORDERED** that Petitioner **SHALL FILE** a response and specifically address what application, if any, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) has to Petitioner's case **no later than July 22, 2026**.

**SIGNED** this **13th** day of **July 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**