**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JAI VANG,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-00847-DB** |
| | § | |
| **KRISTI NOEM,** *in her capacity as* | § | |
| *Secretary of the United States Department of* | § | |
| *Homeland Security, et al.,* | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the above captioned case. On March 27, 2026, this Court

issued an "Order," ECF No. 10, granting in part Petitioner Jai Vang's ("Petitioner") "Petition for

a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 1. Therein, the Court determined

Respondents failed to comply with the Order of Supervision ("OSUP") revocation procedures set

forth in 8 C.F.R. § 241, thereby violating Petitioner's procedural due process rights. ECF No. 10

at 2–3.[1] As a result, Respondents were ordered to immediately release Petitioner from custody

subject to the conditions of supervision he was subject to prior to his re-detention on January 12,

---

[1] Petitioner is from Laos and entered the United States in 1989 as a refugee. ECF No. 1 at 6. On May 23, 1996, Petitioner was ordered removed from the United States. ECF No. 1-2 at 2. Petitioner was released pursuant to an Order of Supervision in November 2006 and fully complied with all terms until his current detention. ECF No. 1 at 2, 6. On January 12, 2026, Petitioner was taken into custody by immigration authorities at his OSUP check-in at Fort Snelling in Minnesota. *Id.* at 3. At no time prior to or during Petitioner's arrest did immigration authorities give Petitioner notice as to why he was being taken into custody. *Id.* As of the time of his Petition's filing, Petitioner still had not received any document notifying him of his OSUP revocation and explaining the reasons for his arrest, nor has he been afforded an informal interview to contest any purported reasons for the revocation of his OSUP, all steps explicitly required by ICE's own regulations. *Id.* at 3–4. Among other things, Petitioner argues his current detention violates his procedural due process rights because he was not provided with a notice of revocation, nor an informal interview. *Id.* at 25–27.

2026. *Id.* at 3. Petitioner was subsequently released from Respondents' custody, and the case closed. *See* ECF Nos. 11, 14. However, on May 14, 2026, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") while attending a mandatory check-in appointment. ECF No. 15 at 3.

On June 5, 2026, the Court ordered Respondents to file a supplemental notice regarding the circumstances surrounding Petitioner's most recent re-detention. *See* ECF No. 16. Respondents timely filed the notice on June 11, 2026. *See* ECF No. 17. Therein, Respondents state Petitioner's OSUP was revoked because the government secured a travel document for Petitioner from the government of Laos.[2] ECF No. 17–1 at 1. Respondents also state Petitioner was issued a Notice of Revocation and provided an initial informal interview regarding the revocation of his OSUP. *Id.* at 2. However, the Court noted that the statement provided to ICE during Petitioner's informal interview indicated Petitioner fears removal to Laos. ECF No. 17–3 at 4. Consequently, the Court ordered supplemental briefing from Petitioner as to whether he is seeking asylum. *See* ECF No. 18.

On June 17, 2026, Petitioner filed a "Supplemental Notice," ECF No 19. Therein, Petitioner states he "does not have a pending asylum application because he is currently subject to a final order of removal and an asylum application cannot be filed in that posture." ECF No. 19 at 1. However, he notes he "does have a pending Motion to Reopen with the Board of Immigration Appeals (BIA) that was filed on May 27, 2026." *Id.* at 2. On July 10, 2026, Respondent confirmed Petitioner currently has an "Emergency Motion for Stay of Removal Pending Adjudication of

---

[2] ("ICE/ERO procured a travel document for Petitioner from the government of Laos. It was issued on April 6, 2026, and valid for a single journey to Laos within 90 days of issuance.").

Motion to Reopen" pending before the BIA. ECF No. 21. According to Respondents, "because the

motion to stay remains pending, ICE will not execute Petitioner's removal at this time. DHS has

further advised that ICE is not able to remove Petitioner while his motion to stay remains pending

before the BIA." *Id.* The parties were then ordered to brief the following:

> 1.    What application, if any, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) has to Petitioner's case?
> 2.    How long, generally, does a motion like Petitioner's take to receive a disposition from the Board of Immigration Appeals?
> 3.    How long do Respondents anticipate Petitioner's motion will remain pending before the BIA?
> 4.    How long did Laos take to issue the April 6, 2026, travel documents for Petitioner?
> 5.    Assuming the April 6, 2026, travel documents have now expired, how long do Respondents anticipate a renewed travel request will take?

ECF No. 22. Respondents submitted the following notice:

> The typical SLRRF analysis does apply. Usually, the BIA motions take several months to adjudicate. ERO El Paso requested a travel document for Petitioner on February 16, 2026. On April 07, 2026, HQ Removal International Operations (RIO) issued a travel document for Petitioner. An approximation of two months from requesting and issuing a travel document for Petitioner. Requesting a travel document for Petitioner will approximately be two months from requesting and issuing a valid travel document.

ECF No. 23 at 1. In response, Petitioner asserts *Zadvydas* provides an independent basis[3] to order

relief because his removal is no longer reasonably foreseeable and has not been reasonably

foreseeable since (1) he was granted a pardon for the conviction underlying his removability on

---

[3] Petitioner does not concede that ICE properly followed the revocation procedures set forth in 8 C.F.R. § 241 when he was re-arrested and detained by ICE and maintains that his release should be independently compelled on those grounds.

May 27, 2026, (2) his travel document expired on or about July 5, 2026, and Respondents' do not say they are even in the process of obtaining renewed ones. ECF No. 24 at 1–2.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found substantive due process violations. *See Singh v. Taylor*, No. EP-26-CV-00155-DB, 2026 WL 360913 (W.D. Tex. Feb. 9, 2026).[4] As a threshold matter, the Court finds Petitioner meets his initial burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (citing *Zadvydas*, 533 U.S. at 699). Petitioner has an appeal pending before the BIA, and Respondents concede Petitioner cannot be removed while that is pending, and such motions "usually take several months to adjudicate." ECF No. 23 at 1. Further, based on Respondents' own assertions, they cannot remove Petitioner while such appeal is pending. ECF No. 21 at 1.[5]

Accordingly, **IT IS HEREBY ORDERED** Petitioner's "Motion to Enforce Order Granting Habeas Corpus Petition and Compel Release and Memorandum of Law in Support Thereof," ECF No. 15, is **GRANTED IN PART**.

---

[4] (finding detainee sufficiently demonstrated good reason to believe that there was no significant likelihood of his removal to India in the reasonably foreseeable future given (1) officials had nearly 14 months to remove him but have failed to do so; (2) officials did not made clear whether they possess all the necessary travel documents required to remove him to India, including a passport; and (3) despite a stated intention to put him on a plane to India, officials have failed to do so and cannot provide any date by which such a flight might occur).

[5] ("Because the motion to stay remains pending, ICE will not execute Petitioner's removal at this time. DHS has further advised that ICE is not able to remove Petitioner while his motion to stay remains pending before the BIA.").

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than July 24, 2026,** subject to the conditions of supervision he was subject to prior to his most recent re-detention by immigration officials.[6]

**IT IS FURTHER ORDERED** Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** a notice informing the Court of its compliance with the preceding orders **no later than July 28, 2026**.

**IT IS FURTHER ORDERED** the parties **SHALL CONFER AND FILE** a notice of whether any issues remain to be resolved in this case **no later than July 30, 2026.**

**SIGNED** this **23rd** day of **July 2026**.

_____

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[6] Pursuant to the instant order, Petitioner shall be released under the conditions of supervision he was on immediately prior to his current detention.